ELMER APGAR, PLAINTIFF, v. GEORGE W. CAMPBELL, DEFENDANT.

EZRA APGAR, PLAINTIFF, v. GEORGE W. CAMPBELL, DEFENDANT.

Submitted January term, 1930—Decided July 1, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the rule, *McCarter & English.*

*Contra, Ryman Herr.*

PER CURIAM.

This is an action for damages growing out of an automobile collision on the highway leading from Chester to Mendham, in Morris county. The plaintiff Elmer Apgar was the owner and operator of the car in which his brother, Ezra, was a passenger, by his, the owner's and operator's, invitation.

Elmer has a verdict for $750 and Ezra for $7,500. These verdicts are attacked upon the ground that they are against the weight of the evidence, because the court erroneously excluded a report of the witness, State Tropper Leon, and because the verdict in favor of Ezra is excessive. We think that none of these grounds is substantial.

The plaintiffs were proceeding easterly from Chester toward Mendham, and the defendant was traveling in the

opposite direction. In front of the latter and proceeding in the same direction was a red Ford runabout. The defendant had negotiated a left-hand turn and was about making another when the Ford roadster turned to its left across the roadway and into a lane or driveway, crossing the path of both defendant's and plaintiff's car.

The contention of the defendant is that plaintiff's car was cut off by this roadster and veered to the left of the roadway directly in front of defendant's car, which latter, in order to avoid a collision, turned to its left, resulting in the collision and that the driver Elmer Apgar was not looking where he was going, but directed his attention to the roadster that had turned across the highway. The contention of the plaintiffs is that this Ford roadster had crossed the highway far in advance of its car and had not impeded or obstructed it and that they were proceeding on their right-hand side of the road, when defendant's car, impeded by the roadster crossing immediately in front of it, suddenly veered to its left and was driven directly into plaintiff's car.

This contrariety of proof presented a fair jury question and a finding thereon in favor of the plaintiffs should not be disturbed.

Upon the question of the refusal of the trial court to admit the report of the state trooper, Leon, we think there was no error. This party was not an eye-witness of the happening. He testified to skid marks upon the pavement and also to an alleged admission against interest by the plaintiff Elmer Apgar, upon the question of negligence. He referred to a written report he had made, the originals of which had been filed at Trenton and Morristown; and said he had a copy in his possession. This plaintiffs' attorney demanded from him and it was produced. Thereafter counsel for defendant offered it in evidence. To this there was an objection that was sustained, that it was not the original, which latter could have been produced by subpœna and further that such report was based upon hearsay. The latter contention was supported by an interrogation of the witness by the trial judge and the witness admitted such to be the case.

We think there was no error in the refusal to admit such copy of the report. At least such refusal was not harmful or prejudicial to the defendant, particularly because the witness testified fully and completely as to all matters alleged to have been contained in such report.

The final ground for setting aside the verdict as to the plaintiff Ezra Apgar is that it is excessive.

We think it is not. He received a painful, serious and permanent injury to his face as well as a partial paralysis to his arm and the impairment of the vision of one of his eyes.

The rule to show cause will be discharged, with costs.